UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. JACKSON, JR., | No. 2:15-cv-2145 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JOHN FOSTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983. He has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff filed an amended complaint on March 30, 2016. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As in his original complaint, plaintiff alleges he hurt his hand while conducting maintenance on a washing machine at his prison.  Plaintiff alleges his injury was caused when a computer "glitch" caused the machine to start unexpectedly.   He claims certain defendants caused his injury by not having the washing machine in question repaired.

As with his original complaint, plaintiff still fails to state a claim upon which relief can be granted for cruel and unusual punishment under the Eighth Amendment because he fails to plead facts suggesting any defendant subjected plaintiff to a substantial risk of serious harm by being at least deliberately indifferent to that risk.  See Farmer v. Brennan, 511 U.S. 825, 828 (1994).  At best, plaintiff alleges he was subjected to negligence in violation of California tort law.  Good cause appearing, the court will grant plaintiff one more opportunity to state a claim upon which plaintiff can proceed in this court.[1]

---

[1]  If the only actionable claim plaintiff has is for negligence in violation of California law, plaintiff must proceed in a California court as this court would lack jurisdiction.  See 28 U.S.C. §

1      As plaintiff was previously informed, if plaintiff chooses to file a second amended
2 complaint, plaintiff must demonstrate how the conditions complained of have resulted in a
3 deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d
4 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each
5 named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is
6 some affirmative link or connection between a defendant's actions and the claimed deprivation.
7 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
8 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
9 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
10 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
12 make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading.  This is because, as a
14 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
15 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original
16 pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as
17 in an original complaint, each claim and the involvement of each defendant must be sufficiently
18 alleged.

19      In accordance with the above, IT IS HEREBY ORDERED that:
20      1.  Plaintiff's amended complaint (ECF No. 16) is dismissed; and
21      2.  Plaintiff is granted thirty days from the date of service of this order to file a second
22 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
23 of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the
24 docket number assigned this case and must be labeled "Second Amended Complaint"; failure to
25 /////
26 /////
27
28 1330 et seq.

1  file a second amended complaint in accordance with this order will result in a recommendation
2  that this action be dismissed.
3  Dated: April 12, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jack2145.14a