UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. JACKSON, JR., | No. 2:15-cv-2145 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JOHN FOSTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983. He has consented to have all matters in this action before a Untied State Magistrate Judge. See 28 U.S.C. § 636(c). On April 12, 2016, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that
2 are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §
4 1915A(b)(1),(2).

5    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
7 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11 Cir. 1989); Franklin, 745 F.2d at 1227.

12    In order to avoid dismissal for failure to state a claim a complaint must contain more than
13 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
14 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
15 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
17 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
18 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
19 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
20 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
21 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
22 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
23 U.S. 232, 236 (1974).

24    With respect to plaintiff's amended complaint, the court found as follows:

> As in his original complaint, plaintiff alleges he hurt his hand while conducting maintenance on a washing machine at his prison. Plaintiff alleges his injury was caused when a computer "glitch" caused the machine to start unexpectedly.  He claims certain defendants caused his injury by not having the washing machine in question repaired.

2

> As with his original complaint, plaintiff still fails to state a claim upon which relief can be granted for cruel and unusual punishment under the Eighth Amendment because he fails to plead facts suggesting any defendant subjected plaintiff to a substantial risk of serious harm by being at least deliberately indifferent to that risk. See Farmer v. Brennan, 511 U.S. 825, 828 (1994).  At best, plaintiff alleges he was subjected to negligence in violation of California tort law.  Good cause appearing, the court will grant plaintiff one more opportunity to state a claim upon which plaintiff can proceed in this court.[1]

Plaintiff's allegations in his second amended complaint are essentially the same as those in the first.  Plaintiff alleges that on May 6, 2015, he worked in the laundry at California State Prison, Sacramento operating large washing machines.  At some point that day, plaintiff was conducting maintenance on one of the machines.  One of his hands became caught within gears and a rotating belt when the machine started unexpectedly due to what plaintiff terms a "computer glitch."  Plaintiff blames his injuries on defendants alleging that they knew the machine in question had suffered from computer glitches in the past.

There are two glaring omissions from plaintiff's allegations.  First, while plaintiff alleges defendants were aware the washing machine in question suffered from computer "glitches," he does not allege that defendants were aware these "glitches" would cause the machine to start moving unexpectedly.  Also, plaintiff fails to explain why he did not shut off power to the washing machine before conducting maintenance thereby eliminating any possibility that the washing machine would engage (or that plaintiff would get electrocuted) while he was conducting maintenance in a compromised position.   While the court expresses no opinion as to whether these omissions preclude an actionable claim for negligence under California law, they do preclude a claim for cruel and unusual punishment in violation under the Eighth Amendment because the allegations simply do not demonstrate plaintiff's injury was the result of any risk of serious harm clear to anybody but plaintiff or those working with plaintiff at the time he was injured (none of whom are named as defendants here).  It is also worth mentioning that plaintiff

---

[1] If the only actionable claim plaintiff has is for negligence in violation of California law, plaintiff must proceed in a California court as this court would lack jurisdiction.  See 28 U.S.C. § 1330 et seq.

3

1  himself was aware that the washing machine in question had experienced computer glitches as
2  plaintiff alleges he informed certain defendants that was the case.  This means plaintiff was aware
3  of the risks associated with working on the machine in question with the power on and they were
4  not great, or they were great but plaintiff's injuries were the result of a poor decision made by
5  plaintiff to leave the power on.  Either way, there is no basis to deem plaintiff's injuries the result
6  of defendants' knowingly subjecting plaintiff to a substantial risk of serious physical harm.

For these reasons, plaintiff's second amended complaint will be dismissed.  Leave to amend will not be granted a third time as that appears futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 16) is dismissed; and

2. This case is closed.

Dated:  May 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jack2145.dis(2)